UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on January 8, 2002

FILED IN OPEN COURT

MAR 19 2002

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO.: 02-131 |
| | : |
| | : MAGISTRATE NO.: 01-0568M |
| | : |
| v. | : VIOLATIONS: |
| | : |
| ANA BELEN MONTES | : 18 U.S.C. § 794 (a) and (c) |
| Defendant. | : (Conspiracy to Commit Espionage) |

URBINA, J. RMU

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

### INTRODUCTORY ALLEGATIONS

At all times material to this indictment:

1. The defendant, **ANA BELEN MONTES**, was employed by the United States government in the Defense Intelligence Agency as an intelligence officer and, subsequently, a senior intelligence analyst, and had authorized access to information classified for reasons of national security up to and including "Top Secret."

2. Pursuant to Executive Order Nos. 12,356, and 12,958, national security information is classified as "Top Secret," "Secret" or "Confidential." "Top Secret" applies to information, the unauthorized disclosure of which reasonably can be expected to cause exceptionally grave damage to the national security. "Secret" applies to information, the unauthorized disclosure of which reasonably can be expected to cause serious damage to the national security. "Confidential" applies

39

to information, the unauthorized disclosure of which reasonably can be expected to cause damage to the national security.

3. The defendant, **ANA BELEN MONTES**, did not have authority to release classified information to the Cuban intelligence service or to the government of Cuba, and did not have authority to de-classify classified information.

## CONSPIRACY

4. Between on or about August 8, 1992, and continuing until on or about September 21, 2001, in the District of Columbia and elsewhere, the defendant, **ANA BELEN MONTES**, unlawfully conspired, confederated and agreed, together with persons unknown to the Grand Jury, to communicate, deliver and transmit, directly and indirectly, to the government of Cuba and to representatives, officers, agents and employees thereof, documents, writings and information relating to the national defense, with the intent and reason to believe that they would be used to the injury of the United States and to the advantage of the Republic of Cuba, in violation of Title 18, United States Code, Sections 794 (a) and (c).

## WAYS, MANNER AND MEANS

5. It was a part of the conspiracy that the defendant, **ANA BELEN MONTES**, would and did use her position as an intelligence officer and, subsequently, a senior intelligence analyst, for the Defense Intelligence Agency, to gather writings, documents, materials and information, classified for reasons of national security, for subsequent unlawful communication, delivery and transmission to the government of Cuba and to its representatives, officers, agents and employees.

6. It was a further part of the conspiracy that the defendant, **ANA BELEN MONTES**, would and did refuse promotion and career advancement opportunities in the Defense Intelligence Agency in order to maintain regular, authorized access to information classified for reasons of national

security that would be of interest to the Cuban intelligence service.

7. It was a further part of the conspiracy that the defendant, **ANA BELEN MONTES**, would and did communicate, deliver and transmit writings, documents and materials, all containing information classified for reasons of national security, to the government of Cuba and to its representatives, officers, agents and employees.

8. It was a further part of the conspiracy that the defendant, **ANA BELEN MONTES**, would and did compose messages containing information classified for reasons of national security, and then encrypt the messages using an encryption program provided to her by the Cuban intelligence service, and thereafter communicate, deliver and transmit the encrypted messages to the government of Cuba, and to its representatives, officers, agents and employees.

9. It was a further part of the conspiracy that the Cuban intelligence service would and did broadcast high-frequency encrypted radio messages acknowledging receipt of information from the defendant, **ANA BELEN MONTES**, and instructing her to gather additional information.

10. It was a further part of the conspiracy that the defendant, **ANA BELEN MONTES**, would and did receive such radio messages on a short-wave radio receiver, type the encrypted messages onto a computer disk drive or computer diskette, and subsequently decrypt the messages using a computer program provided to her by the Cuban intelligence service.

11. It was a further part of the conspiracy that the defendant, **ANA BELEN MONTES**, would and did make long-distance telephone calls from public pay telephones, using prepaid telephone calling cards, to telephone pager numbers provided to her by the Cuban intelligence service.

12. It was a further part of the conspiracy that the defendant, **ANA BELEN MONTES**, upon reaching a telephone pager in the manner described above, would key in three or more digits to

convey a specific message to the Cuban intelligence service, according to a pre-established communication plan between the Cuban intelligence service and the defendant, **ANA BELEN MONTES**.

13. It was a further part of the conspiracy that the defendant, **ANA BELEN MONTES**, would delete from her computer all communications to and from the Cuban intelligence service to remove incriminating evidence and that she would maintain the pre-established communication plan on water soluble paper to permit its rapid destruction in an emergency.

## OVERT ACTS

14. In furtherance of the conspiracy and in order to effect the object thereof, the defendant, **ANA BELEN MONTES**, and others unknown to the Grand Jury did commit overt acts, including but not limited to those described below.

15. On or about August 8, 1992, in the District of Columbia, the defendant, **ANA BELEN MONTES**, composed a message to the Cuban intelligence service that contained information relating to the national defense classified "Secret."

16. In or around May 1994, the defendant, **ANA BELEN MONTES**, disclosed to the Cuban intelligence service the identity of a covert United States intelligence officer and the planning and goals of the United States intelligence community with respect to Cuba.

17. In or around September 1996, the defendant, **ANA BELEN MONTES**, delivered to the Cuban intelligence service photographs and written materials, including materials containing classified information, and disclosed to the Cuban intelligence service the identity of a second covert United States intelligence officer.

18. In or around October 1996, the Cuban intelligence service delivered an encrypted message to the defendant, **ANA BELEN MONTES**.

19. Subsequently, and in or around October 1996, in the District of Columbia, the defendant, **ANA BELEN MONTES**, decrypted a message from the Cuban intelligence service.

20. On or about December 8, 1996, in the District of Columbia and elsewhere, the defendant, **ANA BELEN MONTES**, traveled to Suffolk, Virginia, in order to gather classified national security information pertaining to a U.S. military exercise, for subsequent delivery to the Cuban intelligence service.

21. On or about May 9, 1997, in the District of Columbia, the defendant, **ANA BELEN MONTES**, composed a message for the Cuban intelligence service containing information relating to the national defense classified "Secret."

22. On or about May 15, 1997, in the District of Columbia, the defendant, **ANA BELEN MONTES**, composed a message for the Cuban intelligence service containing information relating to the national defense classified "Top Secret."

23. On or about May 21, 1997, the defendant, **ANA BELEN MONTES**, composed a message for the Cuban intelligence service disclosing (1) the identities of a third and fourth covert United States intelligence officers, (2) information relating to the national defense classified "Secret," and (3) information relating to the national defense classified "Top Secret."

24. On or about May 20, 2001, the defendant, **ANA BELEN MONTES**, made a long-distance telephone call to a pager number provided to her by the Cuban intelligence service, from a pay telephone in Chevy Chase, Maryland, using a pre-paid telephone calling card.

25. Subsequently, on or about May 20, 2001, the defendant, **ANA BELEN MONTES**, made a long-distance telephone call to a pager number provided to her by the Cuban intelligence service, from a pay telephone in Bethesda, Maryland, using a pre-paid telephone calling card.

26. On or about June 3, 2001, in the District of Columbia, the defendant, **ANA BELEN MONTES**, made a long-distance telephone call to a pager number provided to her by the Cuban intelligence service, from a pay telephone, using a pre-paid telephone calling card.

27. On or about August 15, 2001, in the District of Columbia, the defendant, **ANA BELEN MONTES**, made a long-distance telephone call to a pager number provided to her by the Cuban intelligence service, from a pay telephone, using a pre-paid telephone calling card.

28. On or about August 26, 2001, in the District of Columbia, the defendant, **ANA BELEN MONTES**, made a long-distance telephone call to a pager number provided to her by the Cuban intelligence service, from a pay telephone, using a pre-paid telephone calling card.

29. On or about September 14, 2001, in the District of Columbia, the defendant, **ANA BELEN MONTES**, attempted to make a long-distance telephone call to a pager number provided to her by the Cuban intelligence service, from a pay telephone, using a pre-paid telephone calling card.

30. On or about September 15, 2001, in the District of Columbia, the defendant, **ANA BELEN MONTES**, made a long-distance telephone call to a pager number provided to her by the Cuban intelligence service, from a pay telephone, using a pre-paid telephone calling card.

31. On or about September 16, 2001, in the District of Columbia, the defendant, **ANA**

**BELEN MONTES**, made a long-distance telephone call to a pager number provided to her by the Cuban intelligence service, from a pay telephone, using a pre-paid telephone calling card.

(**Conspiracy to Commit Espionage**, in violation of Title 18, United States Code, Section 794 (c).)

A TRUE BILL

*Billy Cox.*

FOREPERSON

*Roscoe C. Howard, Jr. /jb*
Attorney of the United States in
and for the District of Columbia