AO 245 S (Rev. 11/00 DC) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## for the District of Columbia

UNITED STATES OF AMERICA

v.

**Case Number   02-0131-01**

**ANA BELEN MONTES**

Defendant.

**FILED**

OCT 2 1 2002

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### JUDGMENT IN A CRIMINAL CASE
**(For Offenses Committed On or After November 1, 1987)**

The defendant, **ANA BELEN MONTES**, was represented by **PLATO CACHERIS, ESQUIRE** and **JOHN HUNDLEY, ESQUIRE**.

The defendant pled guilty to **count one (1) of the indictment on March 19, 2002.** Accordingly, the defendant is adjudged guilty of such count, involving the following offense:

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. 794(a) and (c) | CONSPIRACY TO COMMIT ESPIONAGE | 8/8/92 - 9/21/01 | 1 |

As pronounced on **October 16, 2002**, the defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The mandatory special assessment is included in the portion of this Judgment that imposes the Criminal Monetary Penalties.

It is further ordered that the defendant shall notify the United States Attorney and the Clerk's Office for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances that might affect the ability to pay.

Signed this the **21st** day of October, 2002.

_Ricardo M. Urbina_
**RICARDO M. URBINA**
**United States District Judge**

Defendant's SSN: 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

Defendant's mailing address: Incarcerated
Defendant's residence address: Incarcerated



AO 245 S (Rev. 11/00 DC) Sheet 2 - Imprisonment

Judgment--Page 2 of 7

**Defendant: ANA BELEN MONTES**
**Case Number:  02-0131-01**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **THREE HUNDRED (300) MONTHS.**

The Court makes the following recommendations to the Bureau of Prisons: **That the sentence be served at the Federal Correction Institute in Tallahassee, Florida or Danbury, Connecticut.**

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245 S (Rev. 11/00 DC) Sheet 3 - Supervised Release

Judgment--Page 3 of 7

**Defendant: ANA BELEN MONTES**
**Case Number: 02-0131-01**

### SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **FIVE (5) YEARS WITH CONDITIONS.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance.

The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by the probation office of this court set forth on the next page.  The defendant shall also comply with the following special conditions:

1. **CHANGE OF ADDRESS - Within 30 days of any change of address (mailing or residence), the defendant shall notify the Clerk of the Court for the U.S. District Court, District of Columbia, of the change until such time as the financial obligation is paid in full.**

2. **COMMUNITY SERVICE - The defendant shall perform 500 hours of community service, as approved and directed by the Probation Office.**

3. **COMPUTER SEARCH - The defendant shall submit to periodic unannounced examinations of her computer by Probation Office and/or authorized probation service representative, which may include retrieval and copying of all data from the computer and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection.  She shall allow installation of any hardware or software systems to monitor her computer use and shall pay for the cost of such monitoring equipment.**

4. **COMPUTER RESTRICTION - The defendant shall not possess, or use, any data encryption technique or program and shall refrain from accessing, via computer, any material that relates to the activity in which the defendant was engaged when committing the instant offense.  The defendant shall maintain a daily log of all addresses accessed by way of any computer, other than those authorized for employment, and she shall make the log available to the Probation Office for review.  She shall consent to third party disclosure to any employer or potential employer, concerning any computer related restrictions that are imposed upon her.**

5. **COMPUTER/INTERNET ACCESS RESTRICTION - The defendant shall not possess or use a computer that has access to any "on-line computer service" at any location, including her place of employment, without the prior written approval of the Probation Office.  "On-line computer service" includes, but is not limited to, any Internet service provider, bulletin board system, or any other public or private computer network.**

\

Defendant: ANA BELEN MONTES                                          Judgment - Page 3(a) of 7
Case Number: 02-0131-01

6. FINANCIAL RESTRICTIONS - The defendant shall be prohibited from incurring new credit charges, opening
   additional lines of credit, or negotiating or consummating any financial contracts without the approval of Probation
   Office.   In addition, she shall not to seek or accept, personally or through another person or entity, any benefit from
   a foreign government or agent and should such a benefit be received by Montes, it shall be assigned as a benefit to
   the United States.

7. EMPLOYMENT RESTRICTION - The defendant shall be restricted from engaging in employment, consulting, or
   association with the United States government or any foreign government for the duration of her supervision.

8. FINANCIAL DISCLOSURE - The defendant shall provide the Probation Office with her income tax returns,
   authorization for release of credit information, and any other business or financial information in which she has a
   control or interest.

9. CONTACT RESTRICTION - The defendant shall have no direct, or indirect, contact with any foreign government or
   agents, except with the express permission of the Defense Intelligence Agency (DIA) and Federal Bureau of
   Investigation.

10. SPECIAL ASSESSMENT - The defendant shall pay a special assessment fee of $100.00.  The special assessment fee
    is due immediately and shall be paid to the Clerk of the Court for the U.S. District Court, District of Columbia.

11. DRUG TESTING - The defendant shall submit to periodic drug tests, as required under 18 U.S.C. § 3563(a) and
    3583(b).


    The Probation Office shall release the presentence investigation report to all appropriate agencies in order to
    execute the sentence of the Court.  Treatment agencies shall return the presentence report to the Probation Office
    upon the defendant's completion or termination from treatment.

AO 245 S (Rev. 12/96 DC) Sheet 3a - Supervised Release

Defendant:  ANA BELEN MONTES
Case Number:  02-0131-01

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.

2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4) The defendant shall support his or her dependents and meet other family responsibilities.

5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any such controlled substances, except as prescribed by a physician.

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 11/00 DC) Sheet 5, Part A - Criminal Monetary Penalties

Judgment--Page 5 of 7

**Defendant:  ANA BELEN MONTES**
**Case Number:   02-0131-01**

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth below under **SCHEDULE OF PAYMENTS** heading.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| One (1) | $100.00 | $0.00 | $0.00 |
| TOTALS: | $100.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows: **The special assessment fee is due immediately and shall be paid to the Clerk of the Court for the U.S. District Court, District of Columbia**.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program,  are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

A 245 S (Rev. 1/97 DC) Sheet 6b - Forfeiture

Defendant:  ANA BEEN MONTES
Case Number:  02-0131-01

## FORFEITURE

The defendant is ordered to forfeit the following property to the United States:

**The defendant shall forfeit to the United States any government contributions made to her Thrift Savings Account; all interest in any assets, or interest in any assets, that she owns or over which she exercises control, directly or indirectly, to any property that is traceable to, derived from, fungible with, or a substitution for property that constitutes the proceeds of her espionage activities. She further waived all interest in any listed asset in any administrative or judicial forfeiture proceedings and consented to the entry of orders of forfeiture for the noted property. The defendant waived her right to challenge any forfeiture carried out by the government.**

A 245 S (Rev. 12/96 DC) Sheet 7 - Statement of Reasons

Defendant: **ANA BEEN MONTES**
Case Number:  **02-0131-01**

## STATEMENT OF REASONS

☑    The court adopts the factual findings and guideline application in the presentence report.

               OR

☐    The court adopts the factual findings and guideline application in the presentence report except
      (see attachment, if necessary):

## Guideline Range Determined by the Court:

Total Offense Level:        **41**

Criminal History Category:      **I**

Imprisonment Range:      **324 to 405 months**

Supervised Release Range: **3  to 5 years**

Fine Range: **$25,000.00  to $250,000.00**

        ☐   Fine is waived or is below the guideline range, because of the defendant's inability to pay.

Total Amount of Restitution: **N/A**

           ☐     Discretionary restitution is not ordered because the complication and prolongation of the sentencing
               process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any
               victims, pursuant to 18 U.S.C. § 3663(a)(B)(ii). (or in offenses committed before April 23, 1996, pursuant
               to 18 U.S.C. § 3663(d)).

           ☐     Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property
               offense because the number of identifiable victims is so large as to make restitution impracticable,
               pursuant to 18 U.S.C. § 3663A(c)(3)(A).

           ☐     Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property
               offense because determining complex issues of fact and related to the cause of amount of the victim's
               losses would complicate or prolong the sentencing process to a degree that the need to provide restitution
               to any victim is outweighed by the burden on the sentencing process, pursuant to 18 U.S.C. §
               3663A(c)(3)(B).

           ☐     For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total
               amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not
               ordered because the economic circumstances of the defendant do not allow for the payment of any
               amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order
               in the foreseeable future under any reasonable schedule of payments.

           ☐     Partial restitution is ordered, pursuant to 18 U.S.C. § 3553(c), for the following reasons(s):

      ☐    The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason
         to depart from the sentence called for by application of the guidelines.

                 OR

      ☐    The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the
         following reason(s):

                 OR

The sentence departs from the guideline range:

      ☐    upon motion of the government, as a result of defendant's substantial assistance.

      ☑    for the following specific reason(s): **The sentence is imposed pursuant to the plea agreement accepted
         pursuant to Fed.R.Crim.P. 11(e)(1)(C).**